IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID VAUGHN GREIR**, | : | |
| Plaintiff, | : | No. 25-cv-3855-JMY |
| | : | |
| vs. | : | |
| | : | |
| **R.A. CAVALARI CORRECTIONAL** | : | |
| **OFFICER, et al.**, | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                              October 14, 2025

Currently before the Court is the Plaintiff's *Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction*. (ECF No. 4.) The Court finds Plaintiff's request for injunctive relief and a restraining order appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Plaintiff's request for injunctive relief and a restraining order will be denied.

**I.      FACTUAL AND PROCEDURAL HISTORY:**

Plaintiff is a Pennsylvania state inmate/prisoner who is incarcerated at the State Correctional Institution Phoenix (SCI-Phoenix). (Declaration of Jacyln Neally ¶¶ 3-4, Response in Opposition, ECF No. 15-1.) Plaintiff is assigned to the Intensive Management Unit in Housing Unit L. (*Id.*) The Intensive Management Unit is a specialize program designed to create a path for inmates with assaultive histories to work their way towards general population. (*Id.* ¶ 4.) In the pleadings, Plaintiff admits that he had been placed in segregation after he previously killed one of his cellmates. (Amended Complaint ¶ 67.)

In the Amended Complaint, Plaintiff asserts various claims based upon a June 23, 2025, altercation that he had with another inmate, Defendant Kenneth Lewis, in a common area in

Housing Unit L at SCI-Phoenix. (Amended Complaint, ECF No. 17.) Plaintiff asserts claims for assault, battery, terroristic threats and attempted murder against Defendant Inmate Lewis. (*Id.* ¶¶ 103-108.) Plaintiff also alleges that Correction Officers should have done more to intervene to prevent the altercation and that one of the Correction Officers who did intervene misused his OC spray. (*Id.* ¶¶ 97-98, 109-114.) Plaintiff further alleges that Correction Officers and prison staff created conditions that facilitated the altercation, and, in the aftermath of the altercation, failed to implement appropriate procedures to prevent similar altercations in the future. (*Id.* ¶ 144; Complaint ¶ 54; ECF No. 3.) Plaintiff claims that Inmate Lewis is currently engaged in an active plan to murder Plaintiff. (Amended Complaint ¶¶ 103-106.) Plaintiff asserts that Correction Officers and prison staff are not only aware of the plan to murder Plaintiff formed by Inmate Lewis, but he also suggests that co-Defendants are involved in a civil conspiracy to aid and encourage Inmate Lewis in his murder related plans. (*Id.* ¶¶ 85, 102, 129.) At the very least, Plaintiff suggests that co-Defendants have decided not to intervene and by acquiescence have turned a blind eye to Inmate Lewis' scheme to murder Plaintiff. (*Id.* ¶¶ 85, 102, 129.)

In addition to the Complaint, Plaintiff filed a Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO/PI"). (TRO/PI, ECF No. 4.) In the TRO/PI, Plaintiff alleges "there is an open plot for murder on his life" at the hands of Kenneth Lewis and he seeks "a levy of assets to ensure Plaintiff is not killed an[d] Defendant K. Lewis' assets are not hidden, sold, or destroyed." (*Id.* pp. 1-2.) Therefore, Plaintiff request that the Court seize Inmate Lewis' assets and belongings to ensure that assets will remain in a safe place where they cannot be hidden, damaged, destroyed, or pawned. (*Id.*) It would appear that Plaintiff is also seeking immediate transfer from the Intensive Management Unit to the less restrictive environment of general population, or he would like to have Defendant

2

Inmate Lewis relocated to a different cellblock or prison. (Amended Complaint ¶¶ 127; Proposed Order & Declaration in Support of Motion for Injunction, Complaint page 42-51, ECF No. 3.)

## II.     LEGAL STANDARD:

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *KOS Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In deciding whether to issue a preliminary injunction, a district court must carefully weigh four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (*citing SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir.1985)); *see also Reilly v. City of Harrisburg*, No. 16-3722, 2017 WL 2272114, at *4 (3d Cir. May 25, 2017) (clarifying that the first two elements are "gateway" factors and that the third and fourth elements need not be addressed by the court if the first two are not met by the petitioner). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction [or a temporary restraining order] is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005).

Fed. R. Civ. P 65 establishes guidelines for issuing injunctive relief and restraining orders. Rule 65(a) "does not always require a live hearing, and courts sometimes rule based on the parties' paper submissions, such as when the issues are strictly legal or the facts are not in

dispute." Fed. R. Civ. P. 65, practice commentary; *see also Bradley v. Pittsburgh Bd. Of Educ.*, 910 F.2d 1172 (3d Cir. 1990) (Rule 65(a) does not make a hearing a prerequisite for ruling on a preliminary injunction). Within the Third Circuit, a court may decide a motion for a preliminary injunction on the papers alone "[o]nly when the facts are not in dispute, or when the adverse party has waived its right to a hearing." *Professional Plan Examiners, Inc., v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984); *see also Williams v. Curtiss-Wright Corp.*, 681 F.2d 161 (3d Cir. 1982) ("It has long been recognized that a preliminary injunction may issue on the basis of affidavits and other written evidence, without a hearing, if the evidence submitted by both sides does not leave unresolved any relevant factual issue."). "[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d 1175. A motion for preliminary injunction may be denied without a hearing if "the movant is proceeding on a legal theory which cannot be sustained" or "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

**III.    DISCUSSION:**

As will be discussed more fully hereinbelow, Plaintiff's request for injunctive relief will be denied because he fails to set forth facts to satisfy the second element of the test use to evaluate whether a preliminary injunction or restraining order should issue. Plaintiff fails to establish that he is in imminent risk of suffering irreparable harm. Plaintiff also fails to establish how the seizure of assets belonging to Inmate Lewis will deter or prevent Inmate Lewis from attempting to injure Plaintiff. Specifically, regarding Plaintiff's request of a transfer from

Housing Unit L for either himself or Inmate Lewis, Plaintiff's requested transfer will be denied because injunctive relief in this regard does not serve the best interest of the public.

A. **Plaintiff Cannot Establish that He Will Probably Suffer Irreparable Harm if the Court Denies the Requested Injunctive Relief:**

Plaintiff has failed to present clear and convincing evidence that he is in imminent danger of irreparable harm which is a prerequisite for issuing a temporary restraining order and/or injunctive relief. The moving party bears the burden of showing immediate and irreparable injury, which is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). Irreparable injury is established by showing that the moving party will suffer harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The mere risk of injury is insufficient. The moving party must establish that the harm is imminent and probable." *Thakker v. Doll*, 451 F. Supp. 3d 358, 365 (M.D. Pa. 2020) (*citing Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997)). The future harm cannot "be speculative." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024); *see also ATS Tree Servs., LLC v. Fed. Trade Comm'n*, No. 24-cv-1743, 2024 WL 3511630, at *8 (E.D. Pa. July 23, 2024) ("[S]peculation of possible harm is insufficient to warrant the issuance of a preliminary injunction."). In addition, simply "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Group, Inc., v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980).

Plaintiff attempts to establish that he will suffer irreparable harm by alleging that he is at risk of being murdered. (Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.) However, Plaintiff fails to establish that his risk

5

of being murdered is imminent and/or probable. (*Id.*) Defendants oppose Plaintiff's request for injunctive relief by offering the declaration of Jacyln Neally. (Declaration of Jacyln Neally, Response in Opposition, ECF No. 15-1.) Ms. Neally is the Unit Manager for Housing Unit L where Plaintiff is housed at SCI Pheonix. (Neally Declaration ¶¶ 2-3.) Ms. Neally avers that she has no knowledge of a plot to harm or murder Plaintiff. She further avers that Plaintiff did not contact her or any other prison official/staff member to request help in connection with the purported murder plot that Plaintiff claims is threatening his life, wellbeing, and safety. Ms. Neally avers that she has "no knowledge of any…plot [to murder Grier] or of Grier making allegations of such a plot to staff or other inmates here at SCI Phoenix." (Neally Declaration ¶ 10.) Ms. Neally further attests to her observation of Plaintiff while in the housing unit and claims that his conduct and behavior does not suggest that Plaintiff is in fear of being attacked or murdered.

In denying Plaintiff's request for injunctive relief, the Court finds that the declaration provided by Ms. Neally and the factual averments therein are credible. The Court also credits Plaintiff's repeated offers to settle this litigation for money and increased privileges inside the prison. (Amended Early Settlement Agreement, ECF No. 10; Early Settlement Agreement, ECF No. 11.) Plaintiff's litigation strategy – and offer to settle claims – is highly suspect considering his claim that Defendants are planning to murder him inside the prison. Plaintiff's litigation strategy is not consistent with someone who had reason to believe that he was in imminent risk of being murdered. Plaintiff's recent filings demonstrate that he has a great deal of interest in using this lawsuit to extract a monetary payment from the Defendants, while expressing little to no concern regarding the alleged murder plot.

**B.     Balancing the Equities and the Public Interest:**

As the Third Circuit explained in *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. May 25, 2017), the third and fourth elements of the test for a preliminary injunction need not be addressed by the Court if the first two are not met by the moving party.  Thus, because Plaintiff fails to show irreparable harm, the Court need not reach the third and fourth elements.  Nonetheless, they will be addressed briefly here in turn.  The Court consolidates its analysis of the last two factors because "[w]here the government is a party, the last two factors in the preliminary injunction analysis, namely the balance of the equities and the public interest, merge."  *City of Phila. v. Sessions*, 28 F. Supp. 3d 579, 657 (E.D. Pa. 2017); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009).

To the extent Plaintiff seeks immediate transfer to general population, Plaintiff's request will be denied because of the public interest concerns associated with the operation of a safe, orderly, and well-maintained prison system.  The Court will not second guess the Department of Corrections decision to place Plaintiff under intensive supervision.  Placing Plaintiff in a less restrictive environment such as general population could pose a security risk to prison staff, guards, and other inmates.  Similar public policy concerns warrant denial of Plaintiff's request to have Defendant Inmate Lewis transferred from Cellblock – Housing Unit L.

The Court is of the opinion that the Department of Corrections and the public a large have an interest in maintaining safe, orderly and well-organized prisons.  Thus, the public interest in maintaining orderly, safe prisons and affirming the established law of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), suggests that the Court should not issue a preliminary injunction in this case, especially because Plaintiff has an adequate remedy in the prison grievance system.  "An injunctive order is an extraordinary writ, enforceable by the power

of contempt." *Gunn v. Univ. Committee to End the War in Vietnam*, 399 U.S. 383, 389 (1970). "[A] request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration." *Wesley v. Sec'y PA Dep't of Corr.*, 569 Fed. Appx. 123, 125 (3d Cir. 2014) (*citing Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). Having the Court get involved with the specific decision of where to house Plaintiff within the Pennsylvania Department of Corrections is not in the public interest. *See* 18 U.S.C. § 3626(a)(2) (in prison cases, requiring the Court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief").

### IV.  CONCLUSION:

For these reasons, Plaintiff's request for injunctive relief and a restraining order will be denied. An appropriate order will be entered along with this opinion.

**BY THE COURT**:

   /s/ John Milton Younge
Judge John Milton Younge